Per Curiam, Thomas, Justice: The affidavit of the appellant’s attorney would have shown sufficient grounds for reinstating the cause on the docket, if it .had shown probable grounds of error, or the court, on inspection of the record, had perceived grounds of error, as the affidavit does show that the appellant had employed counsel, and that that counsel was prevented, by circumstances beyond his control, from attending to the cause. But no ground of error is pointed out, and none is apparent to the court. Moreover, á counter affidavit is filed, showing that the appellant had another attorney who had agreed to prosecute the appeal, if, on looking into the record, he should perceive any error to exist, and who was in court when the rule was taken, and the appeal was afterwards dismissed, and declined assigning errors, on the ground that he knew of no error in the record to assign. It will be a rule of practice whenever a party desires to move to reinstate a cause on the docket, or to set aside a default, and predicates his motion on affidavit, to require him, not only to give the adverse party notice of his intended motion, but also a copy of the affidavit bn which he will found it. The application is denied. Motion denied.